ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------X

WIOLETTA ZIELONKA, and EWA WOJTULEWICZ, on
 behalf of themselves and others similarly situated,

**Docket No.**

**JURY TRIAL
DEMANDED**

Plaintiff,

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

-against-

SAREH BRIDAL, LLC, JOLANTA ZABOROWSKA,
and SAREH KHAJEHNOURI a/k/a SAREH NOURI

Defendants.

-------------------------------------------------------------------------X

## COMPLAINT

1.      Plaintiffs Wioletta Zielonka ("Zielonka"), and Ewa Wojtulewicz ("Wojtulewicz")

(collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly

situated, by their attorneys, Robert Wisniewski P.C., as and for their Complaint against

the Defendants Sareh Bridal, LLC ("Sareh Bridal" or the "Corporate Defendant"), Jolanta

Zaborowska ("Zaborowska"), and Sareh Khajehnouri a/k/a Sareh Nouri ("Nouri")

(collectively, the "Individual Defendants") states as follows:

## NATURE OF THE ACTION

2.      Plaintiffs on behalf of themselves and all others similarly situated **(Exhibit 1)** bring this

action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), 40 U.S.C. § 3142(a) (b), formerly 40 U.S.C. §§ 276a-276a-5, the common law of the State of New Jersey, and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11, et seq., and regulations thereunder, including, but not limited to, N.J.S.A. 34:11-56a25 ("N.J. Labor Law"). Plaintiffs also bring claims for retaliation in violation of the FLSA and N.J. Labor Law on behalf of themselves.

3.   The Corporate Defendant is a designer of women's bridal gowns, internationally and domestically, which retails its gowns through more than 30 stores in 22 states, including New Jersey. Plaintiffs were employed by the Corporate Defendant as laborers performing tasks as tailors.

4.   Individual Defendants are officers, agents, shareholders and/or managers of the Corporate Defendant, and as such are the joint employers of Plaintiffs and therefore are personally liable to the Plaintiffs as discussed hereinafter.

5.   Plaintiffs and others similarly situated, regularly worked over 40 hours per week, but were not compensated properly for the hours they worked nor for the overtime hours they worked.

## PARTIES, JURISDICTION AND VENUE

6.   Plaintiff Zielonka, at all relevant times herein, was and is a resident of the State of New York, County of Kings, and has regularly conducted business within the State of New Jersey.

7.   Plaintiff Wojtulewicz, at all relevant times herein, was and is a resident of the State of New York, County of Queens, and has regularly conducted business within the State of

New Jersey.

8.  Upon information and belief, at all times herein, Corporate Defendant was and still is a business corporation duly organized under, and existing by virtue of, the laws of the State of New Jersey, having its principal place of business at 22 Union Avenue, Rutherford New Jersey 07070.

9.  At all relevant times herein, Defendant Zaborowska was and is a resident of the State of New York, County of Queens, and has regularly conducted business within the State of New Jersey.

10.  At all relevant times herein, Defendant Nouri was and is a resident of the State of New Jersey, Morris County.

11.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 207 (FLSA); and 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

12.  The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

13.  This Court has personal jurisdiction over the Defendants in that they are citizens and residents of the State of New Jersey, and/or regularly transacted business in New Jersey.

14.  This Court is a proper venue for this action, pursuant to, among other grounds, 28

U.S.C. § 1391(b) because substantial events giving rise to Plaintiff's claims occurred in this district.

## JURY DEMAND

15.   Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

16.   Corporate Defendant is a designer of women's bridal gowns, internationally and domestically, which retails gowns in 22 states with over 30 stores located nationwide.

17.   In order to effectuate its business goals, Corporate Defendant employs individuals such as the Plaintiffs herein at 22 Union Avenue, Rutherford,  New Jersey 07070 for tailoring services for the gowns it sells throughout the continental United States.

18.   At all times herein, the Defendants transacted and continue to transact substantial business and derived and still derive substantial revenue from services rendered in the State of New Jersey.

19.   Plaintiffs and others similarly situated have been employees of the Defendants during the years immediately preceding the initiation of this action and have performed labor and services as laborers, specifically as tailors, as defined by the FLSA, the N.J. Labor Law and the regulations promulgated by the United States Department of Labor's Wage and Hour Division, and New Jersey State's Department of Labor, but Plaintiffs have not received the compensation required by the FLSA, the N.J. Labor Law and/or the common law of the state of New Jersey.

20.   Upon information and belief, Defendants were aware of their requirement to pay Plaintiffs and others similarly situated for each hour worked and at a higher overtime premium of 150% of their regular rate for each hour worked in excess of 40 hours per

week.

21.   Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week
      but were not paid the proper overtime rate under the FLSA, N.J. Labor Law and the wage
      orders promulgated under the foregoing statutes, as well as the common law of New
      Jersey.

22.   Upon information and belief, the Corporate Defendant was aware that Plaintiffs and
      others similarly situated were not paid the proper wages required under state and federal
      law.

***Facts Regarding Plaintiff Zielonka's Employment and Defendants' Violations of Wage Laws***

23.   On or about January 13, 2014, Plaintiff Zielonka and Defendants entered into an oral
      agreement whereby Plaintiff agreed to perform work and services as a tailor in exchange
      for a specific hourly wage of $17 per hour for work performed for Defendants. On or
      about May 2014, Plaintiff received a $3 raise.

24.   Plaintiff was paid for regular hours by check, and her alleged overtime hours in cash.
      Plaintiff was paid either an hourly wage or a piecemeal wage, never simultaneously.

25.   Plaintiff worked at the Defendants' shop located at 22 Union Avenue, Rutherford,  New
      Jersey 07070.

26.   From the onset of her employment, until March 2014, Plaintiff's work hours were
      Monday through Sunday, from 7:30 a.m. until 6:00 p.m. Plaintiff worked 74 hours a
      week, for which she did not receive a proper overtime rate, Plaintiff was paid $17 an hour
      for all hours worked over 40 hours.

27.   From March 2014, until September 2014, Plaintiff Zielonka's work hours changed, and
      she began working Monday through Sunday, from 8:30 a.m. until 4:30 p.m. In total,

Plaintiff worked 56 hours a week, for which she did not receive a proper overtime rate, Plaintiff was paid $17 an hour for all hours worked over 40 hours.

28. From September 2014, until her termination, Plaintiff Zielonka's hours changed again. Plaintiff's new hours were Monday through Sunday, from 8:30 a.m. until 6:30 p.m.  In total, Plaintiff worked 70 hours a week, for which she did not receive a proper overtime rate, Plaintiff was paid $17 an hour for all hours over 40 hours.

29. From December 2014 until March 2015, Plaintiff Zielonka was placed on piecemeal work. For piecemeal work, Plaintiff was paid per dress, rather than her regular hourly rate. In any given week, Plaintiff sewed three to four dresses, getting paid anywhere from $400 to $1000 per dress, varying on the difficulty of the dress.

30. On or about March, 2015 until her termination in August 2015, Plaintiff Zielonka returned to her regular work, working Monday through Sunday, from 8:30 a.m. until 6:30 p.m., at $20 per hour.

31. Plaintiff Zielonka would often work 40 hours a week as well as at least 16-34 hours of overtime each week for which Defendants intentionally only paid her $17 an hour, and intentionally did not pay her the proper overtime rate.  The Defendants instead, upon information and belief, ensured that the payroll records and pay stubs of Plaintiff Zielonka and others similarly situated reflected either 40 hours per week or less.

***Facts Regarding Plaintiff Wojtulewicz's Employment and Defendants' Violations of Wage Laws***

32. On or about September 25, 2013, Plaintiff Wojtulewicz and Defendants entered into an oral agreement whereby Plaintiff agreed to perform work and services as a tailor in exchange for a specific hourly wage of $15 per hour for work performed for Defendants.

Plaintiff ended her employment with Defendants on or about April 12, 2014, before resuming her employment in or about August 2014.

33.   In or about mid- October 2013, Plaintiff Wojtulewicz received a $3 raise. Plaintiff maintained this wage until beginning of November where she received an addition raise of $2. Plaintiff maintained this raise until mid-December when Plaintiff received another raise, for an hourly wage of $20 per hour, which Plaintiff Wojtulewicz maintained until her termination in August 2015.

34.   Plaintiff was paid for regular hours by check, and her alleged overtime hours in cash. Plaintiff was paid either an hourly wage or a piecemeal wage, never simultaneously.

35.   Plaintiff worked at the Defendants' shop located at 22 Union Avenue, Rutherford,  New Jersey 07070.

36.   From the onset of her employment, until April 2014, Plaintiff Wojtulewicz's work hours were Monday through Friday 7:30 a.m. until 6:00 p.m. In addition, Plaintiff Wojtulewicz was required to work Saturdays and Sundays. Plaintiff Wojtulewicz worked three Saturdays out of the month, from 7:30 a.m. until 6:00 p.m, and one Sunday once a month from 7:30 a.m. until 5:00 p.m. Plaintiff worked 53 to 73 hours a week, for which she did not receive a proper overtime rate for all hours over 40 hours, only her regular rate.

37.   On or about April 2014, Plaintiff Wojtulewicz had surgery performed and was out of work.

38.   On or about the end of May 2014, Plaintiff  Wojtulewicz began to work from home for Defendants, doing piecemeal work. Plaintiff worked various hours, and was paid per dress. From May 2014, until end of July 2014, Plaintiff sewed a total of 10 dresses. She was paid between $330- $350 for each dress.

39.  On or about August 2014, Plaintiff Wojtulewicz returned to work at the Corporate

Defendant's workplace until the end of Plaintiffs employment. Plaintiff Wojtulewicz

began working Monday through Friday, from 7:30 a.m. until 6:00 p.m.  Plaintiff

Wojtulewicz continued working piecemeal work, sewing two to three dresses per week,

receiving anywhere from $250 to $360 per dress. In total, during this time period Plaintiff

worked 53 hours a week, for which she did not receive any hourly or overtime pay.

Plaintiff was only paid per dress.

40.  Plaintiff Wojtulewicz would often work 40 hours a week as well as at least 13-33 hours

of overtime each week, for which Defendants intentionally only paid her regular rate, and

intentionally did not pay her the proper overtime rate.  The Defendants instead, upon

information and belief, ensured that the payroll records and pay stubs of Plaintiff

Wojtulewicz and others similarly situated reflected either 40 hours per week or less.

***Retaliation Against Plaintiffs for Complaining About Not Being Paid for All Hours Worked***

41.  On or about September 2014, Defendant Zaborowska began hiding Plaintiff Zielonka's

overtime hours from Defendant Nouri by having Plaintiff work weekends under a

pseudonym, which Plaintiff Zielonka did not have knowledge of.

42.  On or about March 2015, Plaintiff Zielonka discovered that her work was being posed

under the pseudonym "Kasia". Plaintiff complained to the Defendant Nouri about this and

the fact that she was not getting paid for the work allegedly performed by "Kasia", for

which Plaintiff was put on hourly work by Defendant Zeborowska as punishment for

complaining. Plaintiff worked hourly work until her termination.

43.  Defendant Zaborowska often sabotaged Plaintiff Zielonka's dresses, by giving her bad or

cheap materials, that would create a defective dress.

44.  During Plaintiff Wojtulewicz's employment, Defendant Zabrowska often slandered Plaintiff Wojtulewicz's work.

45.  For example, Defendant Zabrowska would often tell Defendant Nouri that Plaintiff Wojtulewicz was slow, and unreliable. Often Defendant Zabrowska would slander and steal Plaintiff Wojtulewicz's work, leaving no room for Plaintiff Wojtulewicz to defend herself.

46.  In addition, Defendant Zabrowska favored another employee named Marzena, to whom, she would give the best and most expensive dresses to sew, while then giving Plaintiff Wojtulewicz the cheapest dresses to sew.

47.  On or about April 2014, Plaintiff Wojtulewicz had surgery performed. Prior to her surgery, Plaintiff spoke to Defendant Nouri regarding her employment, and was told she would be welcomed back to work under the same terms and wages following her recovery.

48.  Upon Plaintiff Wojtulewicz's recovery, on or about end of July 2014, Plaintiff Wojtulewicz was told by Defendant Nouri that there was no room for her, unless she wanted to come back to work piecemeal work only. Plaintiff Wojtulewicz worked piecemeal work until her termination in August 2015; additionally, while Plaintiff Wojtulewicz complained to Defendant Nouri that she was not being paid proper wages for the hours she worked for Defendants, Defendants did nothing to remedy the problem.

***Willfulness and the Individual Defendants' Status as Plaintiff's Employers***

49.  Upon information and belief, the Defendants were aware of their obligation to pay proper regular and overtime wages under federal and state law.

50.  The various violations of law which are alleged herein were committed intentionally

and/or willfully by the Defendants.

51.    At all times herein, the Individual Defendants acted for and on behalf of the Corporate

Defendant, with the power and authority vested in them as officers, agents and/or

managers of the Corporate Defendant, and acted in the course and scope of their duties

and functions as an officers, agents and/or managers of the Corporate Defendant.

52.    At all times herein, upon information and belief, the Individual Defendants used the

Corporate Defendant in order to perpetuate a fraud, circumvent a statute or accomplish

some other wrongful or inequitable purpose.

53.    At all times relevant herein, and upon information and belief, the Individual Defendants

directly managed, handled or were responsible for the payroll and/or payroll calculations

and signing or issuing checks to the Plaintiffs and others.  By virtue of their position with

the Corporate Defendant, the Individual Defendants were responsible for the management

and handling of the payroll and human resources decisions of Corporate Defendant

including decisions to hire and fire employees.

54.    Individual Defendants have control over the conditions of Plaintiffs employment,  work

schedule, the rates and methods of payment of their wages and the maintenance of their

employment records.

55.    At all relevant times, Individual Defendants have operational control over the Corporate

Defendant.

56.    Upon information and belief, the Corporate Defendant is the alter ego of Individual

Defendants, and as will be established at trial, for the purpose of the claims made by

Plaintiffs herein, the Corporate Defendant has no separate legal existence from Individual

Defendants.  As a result, the Corporate Defendant and Individual Defendants individually

and collectively, and jointly and severally, are liable for all claims made herein.

57. As a matter of economic reality, the Defendants are joint employers of Plaintiffs and all others similarly situated and, as a result, are jointly and severally liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by the Defendants but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et seq., including 29 C.F.R. § 552.6, in respect to their work for the Defendants.

59. Upon information and belief, this class of persons consists of not less than 160 persons.

60. There are questions of law and fact common to the class, specifically whether the employment of the Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et seq. Only the amount of individual damages sustained by each class member will vary.

61. Plaintiffs and other employees are similarly situated insofar as the Defendants instituted a policy to ensure that they were not paid proper regular and overtime wages under the FLSA.

62. Plaintiffs bring the fourth claim for relief herein on behalf of themselves individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et seq.

## CLASS ALLEGATIONS UNDER NEW JERSEY LAW

63. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by the Defendants but did not receive the compensation required by N.J. Labor Law and the common law of the state of New Jersey in respect to their work for Defendants.

64. Upon information and belief, this class of persons consists of not less than 160 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

65. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the N.J. Labor Law and the common law of New Jersey. Only the amount of individual damages sustained by each class member will vary.

66. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

67. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

69. Plaintiffs bring the first, second and third claims for relief herein on behalf of themselves individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiffs and all persons similarly

situated have against the Defendants as a result of the Defendants' violations under the

N.J. Labor Law and the common law of the state of New Jersey.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against All Defendants)

70.   Plaintiffs repeat and reallege each and every allegation as previously set forth.

71.   Plaintiffs and all others similarly situated agreed to perform work and services as

tailors and other similar positions for the Defendants.

72.   Plaintiffs and all others similarly situated and Defendants each had an oral contract

to perform work for Defendants, whereby Plaintiffs and others similarly situated would

provide  services in exchange for compensation in the form of an hourly wage for each

hour worked.

73.   Plaintiffs and all others similarly situated satisfactorily supplied labor in connection with,

and in furtherance of, the work required under their employment contracts with the

Defendants and in doing so, complied with the terms of their employment agreements

with the Defendants, and were therefore entitled to wages they rightfully earned while

working for the Defendants.

74.   The Defendants failed or refused to pay Plaintiffs, and all others similarly situated, the

wages to which they were entitled under their employment agreements with the

Defendants.

75.   The Defendants' failure or refusal to pay Plaintiffs and all others similarly situate

the wages to which they were entitled under their respective employment agreements with

the Defendants constitutes a breach of their employment agreements with the Defendants.

76.   That by virtue of the foregoing breach of contract by the Defendants, Plaintiffs and all

others similarly situated have been damaged in an amount to be proven at trial based upon

an accounting of the amount Plaintiffs and all others similarly situated should have been

paid as contemplated by their respective employment agreements with the Defendants,

less amounts actually paid to the Plaintiffs and all others similarly situated, together with

an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit against All Defendants)

77.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

78.   Plaintiffs and others similarly situated performed work and services as tailors and other

similar positions for Defendants.

79.   Plaintiffs and others similarly situated had a reasonable expectation of payment for the

hours they worked for the Defendants, but the Defendants failed to remunerate Plaintiffs

and others similarly situated for all the hours they worked.

80.   Plaintiffs and others similarly situated were entitled to payment for the unpaid hours they

worked for the Defendants at a rate which constitutes the reasonable  value of their

services, less amounts actually paid to Plaintiffs and others similarly  situated, together

with an award of interest, costs, disbursements, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New Jersey Wage and Hour Law against All Defendants)

81.   Plaintiffs repeat each and every allegation previously made herein.

82.   Pursuant to N.J.S.A.34:11-56a4, 34:11-56a 25 as well as other provisions of the New

Jersey law and wage orders issued thereunder, Plaintiffs and others similarly situated

were entitled to certain hourly minimum wages, overtime wages, and other wages, all of

which the Defendants intentionally failed to pay in violation of such laws.

83.    Wherefore Plaintiffs seek a judgment on behalf of themselves and others similarly

situated against all Defendants for all wages which should have been paid, but were not

paid, pursuant to the New Jersey Labor Law; the total amount of such unpaid wages to be

determined at trial upon an accounting of the hours worked by, and wages paid to, the

Plaintiffs, along with an award of attorneys' fees, interest and costs as provided under

N.J.S.A. 34:11-56.8 and other relevant laws and regulations.

## FOURTH CLAIM FOR RELIEF
### (FLSA against All Defendants)

84.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

85.    Plaintiffs bring this claim for relief on behalf of themselves and others similarly situated

pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the

Wage Orders issued under the FLSA at 29 C.F.R. § 552. Plaintiffs and all others similarly

situated were entitled to a minimum wage and an overtime hourly wage of time and

one-half their regular hourly wage for all hours worked in excess of forty hours per week.

86.    Plaintiffs and others similarly situated worked more than forty hours per week for

Defendants, and Defendants willfully failed to make said minimum wage and/or

overtime payments.

87.    Plaintiffs and all others similarly situated seek a judgment for unpaid overtime wages,

such sums to be determined  based upon an accounting of the hours worked by, and

wages actually paid to, Plaintiffs and others similarly situated, and Plaintiffs also seek an

award of liquidated damages, attorneys' fees, interest and costs as provided for by the

FLSA.

## FIFTH CLAIM FOR RELIEF
### (New Jersey Wage and Hour Law Retaliation against All Defendants)

88.   Plaintiffs repeat and reallege each and every allegation previously set forth.

89.   As set forth above, Plaintiffs complained to Defendants that they was not being paid proper wages for the hours they worked for Defendants.

90.   Despite these complaints, Plaintiffs were never paid proper wages for all hours worked.

91.   In committing the above mentioned acts, the Defendants have discharged, penalized and discriminated against Plaintiffs because Plaintiffs made complaints to Defendants that Defendants had violated federal and state laws concerning payment of wage, in violation of N.J. Labor Law, and the Plaintiffs have been damaged therefrom.

92.   Plaintiffs seek, on this claim for relief, reinstatement to their former position, payment of lost compensation, compensatory and punitive damages and reasonable attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### (FLSA Retaliation by Plaintiffs against All Defendants)

93.   Plaintiffs repeat and reallege each and every allegation previously set forth.

94.   As set forth above, Plaintiffs complained to Defendants that they were not being paid proper wages for the hours they worked for Defendants.

95.   Despite these complaints, Plaintiffs were never paid proper wages for all hours worked.

96.   In committing the above mentioned acts, the Defendants have discharged, penalized and discriminated against Plaintiffs because Plaintiffs made complaints to Defendants that Defendants had violated provisions of the FLSA in violation of FLSA §215 (a)(3), and Plaintiffs have been damaged therefrom.

97.   Plaintiffs seek, on this claim for relief, reinstatement to their former position, payment of lost compensation, punitive and compensatory damages, reasonable attorneys' fees and

costs.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and

thereafter Plaintiffs demand a trial by jury and judgment against the Defendants as follows:

      a.      Compensatory damages in an amount to be determined at trial;

      b.      Liquidated damages pursuant to FLSA and New York Labor Law;

      c.      Plaintiff's costs and reasonable attorney's fees;

      d.      Pre-judgment interest;

      e.      Back pay and front pay, and all benefits to which Plaintiff is entitled; and

      f.      Reinstatement of Plaintiff to his former position;

Together with such other and further relief that the Court deems just.

Dated: New York, New York
       March 4, 2017

                           ROBERT WISNIEWSKI P.C.

                           By: _____
                           Robert Wisniewski
                           Attorneys for Plaintiff
                           225 Broadway, Suite 1020
                           New York, New York  10007
                           (212) 267-2101