**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WIOLETTA ZIELONKA and EWA WOJTULEWICZ, *on behalf of themselves and others similarly situated* <br><br> **Plaintiffs,** <br><br> v. <br><br> **SAREH BRIDAL, LLC, et al.,** <br><br> **Defendants.** | Civil Action No. 17-1490 (JLL) (JAD) <br><br><br><br> **ORDER** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiffs motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 38). The Court provided the parties with an opportunity to address the motion at an in-person conference on July 2, 2018. Upon careful consideration of the parties' submissions, and for good cause shown, and

**WHEREAS**, on March 5, 2018, the District Court dismissed this case pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(ii), finding that the Court-ordered deadline for the parties to consummate their settlement agreement had passed, (ECF No. 37); and

**WHEREAS**, on May 24, 2018, Plaintiffs filed the instant motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b), arguing that the parties are entitled to additional time in which to consummate the settlement of this action, (ECF No. 38); and

**WHEREAS**, the Court held a settlement conference on July 2, 2018, at which the parties consummated the settlement of this action and placed their settlement agreement on the record; and

**WHEREAS**, as part of the settlement agreement, and upon consent of the parties, the Court agreed to retain jurisdiction over this matter for the purposes of enforcing the terms of the parties' settlement agreement; and

**WHEREAS**, in connection with the parties' settlement agreement, Plaintiffs renewed their request that the matter be marked Open for the purposes of retaining this Court's jurisdiction over the action; and

**WHEREAS**, a court may retain jurisdiction over a matter for the purposes of enforcing the terms of the parties' settlement agreement even when that matter is marked "Closed" by the Clerk of Court. *See Chester Upload Sch. Dist. v. Pennsylvania*, No. 12-132, 2012 WL 3536326, at *1 (E.D. Pa. Aug. 15, 2012) (closing case and "retain[ing] jurisdiction for purposes of enforcement of the Settlement Agreement"); *Benjamin v. Dep't of Pub. Welfare of Com. of Pennsylvania*, No. 09-1182, 2014 WL 4793736, at *11 (M.D. Pa. Sept. 25, 2014) (same); and

**WHEREAS**, it thus appears that the Court need not reopen the case in order to effectuate the parties' stated aim of returning to this Court with potential requests for relief regarding enforcement of the settlement agreement;

*[Order continues on following page]*

IT IS on this 26 day of July, 2018

**ORDERED** that the Court shall retain jurisdiction over this case for the purposes of enforcing the terms of the parties' settlement agreement as set forth on the July 2, 2018 record; and it is further

**ORDERED** that Plaintiffs' motion to reopen the case, (ECF No. 38) is hereby **DENIED as moot**; and it is further

**ORDERED** that this case shall remain **CLOSED** on the docket.

JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose Linares, U.S.C.J.